IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MELISSA A. JENKINS,**

      Plaintiff,

v.                                         CIVIL ACTION NO.: 3:23-CV-239
                                                       (GROH)

**MARTIN J. O'MALLEY,**
**Commissioner of Social Security,**

      Defendant.

## ORDER OVERRULING OBJECTIONS AND
## ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 33. Pursuant to this Court's Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. LR Civ P 9.02(a). Judge Trumble's R&R recommends the Plaintiff's Complaint [ECF Nos. 1 & 22] be dismissed, the Defendant's Motion for Summary Judgment [ECF No. 26] be terminated as moot, and the decision of the Commissioner be affirmed. ECF No. 33.

The Plaintiff timely filed objections in accordance with this Court's Local Rules. ECF No. 36. The Defendant filed a Response [ECF No. 37] to the Plaintiff's objections. Accordingly, the R&R and pending motions are ripe for review.

**I.    BACKGROUND**

The Plaintiff filed her complaint in this matter on November 30, 2023. ECF No. 1. Therein, the Plaintiff requests review of the Commissioner of Social Security's decision to deny her claim for disability insurance benefits. Upon examination of the record, the

Court finds that the procedural history and background facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. Further, there are no objections to the first eight pages of the R&R. Thus, it is adopted and incorporated herein.

## II. LEGAL STANDARDS

### A. Review of the R&R

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see Fed. R. Civ. P. 72(b)(3).  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) ... may be construed by any reviewing court as a waiver of such objection." Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").  General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review.  See Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision from the Commissioner of the Social Security Administration to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390-402 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" means "more than

a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). A reviewing court must not reweigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. It is the duty of the ALJ—not the reviewing court—to make findings of fact and resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

## III.    DISCUSSION

The Plaintiff's objections are offered under three headings, so the Court will address each in turn, styled as they were offered by the Plaintiff.

**1. Plaintiff agrees that substantial evidence supports the ALJ's determination of severe impairments. ECF No. 36 at 2.**

First the Plaintiff objects to the R&R characterization of her assertion regarding the ALJ's proposed error. The Plaintiff says the R&R is incorrect on page 9 where it says she asserts it was an error to omit her ADHD and EMS diagnoses from the list of severe impairments. The Plaintiff says her ADHD was diagnosed as mild and she did not yet have an EMS diagnosis, so she did not expect either to be on the severe list.

Both ADHD and EMS are listed under "Errors/Issues" in the Plaintiff's brief. ECF No. 22 at 1. This is what the R&R is referring to, and to the extent the R&R presumes the Plaintiff asserted the ALJ erred by omitting these from the list of severe impairments, the error was harmless. The Plaintiff clearly argued that these should have been considered "within the context of [her] other diagnoses." Nonetheless, this Court notes the Plaintiff's clarification to her position via the objection.

Next, the Plaintiff objects because, also on page 9, "[i]t is stated . . . that I was not diagnosed with ADHD over the relevant time period." Id. However, a careful reading of the R&R shows this statement is offering the Commissioner's contention; it is not a finding made by the Magistrate Judge. Accordingly, this objection is overruled.

2. **Plaintiff agrees that substantial evidence supports the ALJ's RFC assessment. ECF No. 36 at 2.**

At first, the Plaintiff agrees with the ALJ's RFD determination, but the Plaintiff then disagrees with the ALJ's decision that she remains capable of performing past relevant work as a CNA, private-duty nurse, and school nurse. Plaintiff refers to a quote from a statement she made that appears on page 14 of the R&R but offers no objection to it. Next, she discusses her neuropsychological evaluation from July 28, 2020, but again, there is no objection to the R&R.

Finally, the Plaintiff objects that "[p]age 16 states, in error, that [she] did not seek treatment for her Anxiety Disorder." ECF No. 36 at 3. Having reviewed page 16, this objection is without merit and overruled. In fact, the Undersigned finds the opposite on page 16 of the R&R: "For treatment for her symptoms of 'anxious/fearful thoughts . . .' she was prescribed medication. R. 661, 665. However, the primary care physician found that by July of 2021, Plaintiff was reporting improvement in terms of anxiety. R. 764." ECF No. 33 at 16. Also, the R&R said, "[i]n general, the ALJ concluded that there was little evidence of any specific complaints or treatment notes related to Plaintiff's anxiety. R. 71." Id.

3. **Plaintiff disagrees that the Appeals Council properly assessed additional evidence. ECF No. 36 at 4.**

First, the Court notes that this objection does not address a factual or legal

4

deficiency in the R&R's analysis. Instead, the Plaintiff is again relitigating the underlying legal issues that were before the Magistrate Judge. Nonetheless, the Undersigned has reviewed the record, including the Appeals Council's Action, and pleadings to ensure the R&R correctly states the facts and applies the law. It does. As noted in the Appeals Council's denial, the additional evidence submitted by the Plaintiff was either already considered, did not show a reasonable probability that it would change the outcome of the ALJ's decision, or did not relate to the relevant period at issue. ECF No. 15-2 at 3.

In her last objection, the Plaintiff claims that on "page 21, it is stated that 'the Commissioner contends that the ALJ already considered the Plaintiff's subjective symptoms regarding EMS and incorporated these conditions in her RFC determination.'" ECF No. 36 at 5. The Plaintiff though does "not see evidence that [the ALJ] incorporated considerations of [her] EMS into [the ALJ's] determination of RFC." Id. But, as the Commissioner contends, the ALJ did incorporate the Plaintiff's EMS-related symptoms into the decision. See R. 69, 71–72.

Here, the Court finds that the both the ALJ and the R&R adequately reviewed and considered the medical evidence in the record. Further, as it pertains to the R&R, the Magistrate Judge accurately characterized the record and rightly found that the ALJ's decision satisfied the deferential substantial evidence standard. Although the Plaintiff may view the medical record differently, a mere difference of opinion or interpretation is not enough to require this Court to overturn the ALJ's decision or remand the Plaintiff's case. Thus, unless otherwise stated in this Order, the Plaintiff's objections are **OVERRULED**.

### IV. CONCLUSION

Upon careful review of the R&R, this Court finds that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis.

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 33] should be, and is hereby, **ORDERED ADOPTED.**

For the reasons more fully stated in the R&R, the Court **FURTHER ORDERS** that the decision of the Commissioner be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE**, and the Defendant's Motion for Summary Judgment [ECF No. 22] be **TERMINATED as MOOT**.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court is **DIRECTED** to enter a separate order of judgment in favor of the Defendant.

The Clerk of court is **FURTHER DIRECTED** to **STRIKE** this case from the Court's active docket and to transmit copies of this Order to all counsel of record. A copy of this Order shall also be mailed to the Plaintiff at her last known address.

**DATED**: February 27, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE